PLANNING AND ZONING COMMISSION OF THE
TOWN OF POMFRET ET AL. *v.* FREEDOM
OF INFORMATION COMMISSION
ET AL.
(AC 31780)
(AC 31781)

Bishop, Harper and Beach, Js.

Argued February 7—officially released August 2, 2011

*Tracie C. Brown,* principal attorney, with whom, on the brief, were *Victor Perpetua,* principal attorney, and *Colleen M. Murphy,* general counsel, for the appellant (named defendant in both cases).

*Michael A. Zizka*, with whom, on the brief, was *Lana M. Glovach*, for the appellees (plaintiffs in both cases).

*Opinion*

BEACH, J. The defendant freedom of information commission (commission)[1] appeals from the judgments of the trial court sustaining the administrative appeals of the plaintiff planning and zoning commission of the town of Pomfret[2] from the final decisions of the commission. On appeal, the commission claims that the court erred in overturning its decisions because the court (1) addressed issues that were not before the commission, and (2) construed General Statutes §§ 1-210 (a) and 1-212 (a) in a manner that (a) contradicted the statutes' plain meaning, (b) contradicted the construction of the statutes by the commission, (c) failed to give deference to the commission's construction of the statutes and (d) was inconsistent with the statutes' underlying public policy interests. We disagree and, accordingly, affirm the judgments of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiff conducted meetings on January 9 and 15, 2008.[3] A purpose of both meetings was to review and to debate draft proposed amendments to the town zoning regulations concerning home occupation uses. Ford Fay, Charles A. Boster and Paul

---

[1] The other defendant in the first case, Ford Fay, and the other defendants in the second case, Fay, Charles A. Boster and Paul Hennen, did not participate in these appeals. We therefore refer in this opinion to the commission as the defendant.

[2] The following parties also were named as plaintiffs in these actions: Walter Hinchman, in his capacity as chairman of the planning and zoning commission of the town of Pomfret; James Rivers, in his capacity as first selectman of the town of Pomfret; Bonnie Ryan, in her capacity as clerk to the planning and zoning commission of the town of Pomfret; and James Rabbitt, town planner for the town of Pomfret. For convenience, we refer to the planning and zoning commission of the town of Pomfret as the plaintiff in this opinion.

[3] Both meetings commenced approximately at 7:30 p.m.

Hennen attended both meetings as members of the public. At the January 9, 2008 meeting, the plaintiff had copies of, planned to discuss, and in fact did discuss two documents: (1) a four page draft memorandum from the town planner entitled "Home Occupations Retail Sales," dated January 8, 2008, and (2) a letter from town counsel to the town planner regarding the proposed zoning amendments dated January 8, 2008. Fay orally requested at the meeting a copy of both documents, and the plaintiff denied his request. Boster testified that he also had requested orally at the January 15, 2008 meeting a copy of both documents but such request was denied by the plaintiff.

At the January 15, 2008 meeting, the plaintiff had copies of, planned to discuss, and in fact did discuss an updated version of the "Home Occupations Retail Sales" draft memorandum, dated January 15, 2008. Boster testified before the commission that he had requested orally that the plaintiff provide him with a copy of the memorandum. The plaintiff then offered to let Boster borrow a copy of the memorandum that he could view during the meeting but informed Boster that he would have to return it after the meeting concluded. Boster declined to borrow the copy and left the meeting. Fay also had requested orally to receive a copy of the memorandum, which request the plaintiff denied. It is undisputed that there was a functioning copy machine in the building during both meetings.

Two or three days after the January 15, 2008 meeting, Fay and Boster went to the Pomfret town hall and requested, and subsequently received, copies of all of the documents that they had requested during the two meetings. Fay then filed a complaint with the commission on January 28, 2008, alleging, inter alia, that the plaintiff's denial of his oral requests to provide copies of the documents at issue was "not in the best interest of 'open' or 'transparent' government." Boster, Hennen

and Fay filed an additional complaint with the commission on February 6, 2008, alleging, inter alia, that the plaintiff's denial of their oral requests for the documents at issue violated the Connecticut Freedom of Information Act, General Statutes § 1-200 et seq.[4]

The two complaints were consolidated and heard before the commission on June 4, 2008. Boster offered testimony regarding the plaintiff's denial of his oral requests for the documents at issue and also testified that the plaintiff had extra copies of the documents available at the January 9, 2008 meeting. Boster also averred that copy machines were available and that it would not have inconvenienced the plaintiff to have made extra copies of the documents. Boster also attempted to offer as evidence a statement prepared by Fay, who did not attend the hearing. The commission concluded that it would not admit Fay's statement into evidence because Fay was not available for cross-examination regarding the assertions made in the statement. Hennen testified, however, that he was with Fay at the January 9, 2008 meeting and that he witnessed the plaintiff deny Fay's oral request for copies of the documents. The plaintiff's counsel questioned Boster and Hennen as to whether any of the requests to receive copies of the documents at issue were in writing. They answered in the negative.

The commission issued final decisions on January 14, 2009, and made the following findings of fact and conclusions. Fay requested the documents at issue at

---

[4] General Statutes § 1-210 (a) provides in relevant part: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to (1) inspect such records promptly during regular office or business hours, (2) copy such records in accordance with subsection (g) of section 1-212, or (3) receive a copy of such records in accordance with section 1-212. . . ."

the January 9, 2008 meeting. At the January 9, 2008 meeting, extra copies of the January 8, 2008 draft memorandum were available. The commission found that the plaintiff denied Fay's request for the documents at issue for the following reasons: "First, the [plaintiff] asserted that [it] had three or four days to provide copies of public records, pursuant to [its] own rules and pursuant to the Freedom of Information Act. Second, the [plaintiff] asserted that copies were only available from the town clerk during regular office or business hours. Finally, the [plaintiff] asserted that the draft memorandum was subject to change, and therefore could be misused by the public." To the extent that the plaintiff argued before the commission that Fay's requests were denied because they were not made in writing, "[the plaintiff] at no time during its meetings indicated that it was declining [Fay's] request because he had failed to reduce his request to writing . . . [and thus] the lack of a written request by [Fay] is not a valid defense to the [plaintiff's] failure to provide a copy of the records . . . ." Additionally, "[w]ith respect to the [plaintiff's] argument that the request was not made during regular office or business hours . . . nothing in § 1-212 (a)[5] . . . limits an agency's obligation to provide copies of records strictly to regular office or business hours."[6] The commission concluded, therefore, that the plaintiff violated the "promptness requirement" of § 1-212 (a) by failing to provide to Fay a copy of the documents at issue at the time he requested them. The commission also issued a final decision on January 14, 2009, and

[5] General Statutes § 1-212 (a) provides in relevant part: "Any person applying in writing shall receive, promptly upon request, a plain or certified copy of any public record. . . ."

[6] We note that the bulk of § 1-212 is devoted to the allowable fees to be charged for providing copies of public records in different circumstances. Some formalities, perhaps most readily observed during regular office or business hours, adhere to the calculation and administration of fees. The commission's final decision seems to overlook the administrative protocol required by the Freedom of Information Act.

made similar findings of fact and conclusions with respect to the complaint by Fay, Boster and Hennen concerning their request for documents at the January 15, 2008 meeting.

The plaintiff appealed from the commission's decisions to the Superior Court. On November 10, 2009, the court issued memorandums of decision sustaining the plaintiff's appeals and overturning the decisions of the commission. In its decisions, the court briefly acknowledged the plaintiff's argument that the requests of Fay, Boster and Hennen for the documents at issue were required to be in writing. The court determined that this issue was moot because Fay, Boster and Hennen subsequently were provided with copies of all the documents that they had requested at the meetings. The court then concluded that the commission erred when it determined that the plaintiff violated the "promptness requirement" of § 1-212 (a) by failing to provide them with copies of the documents at the time they orally requested them. The court reasoned that the Freedom of Information Act "only requires agencies to respond to requests for copies promptly during regular office or business hours, not during evening meetings in progress." Thus, the court concluded that because the oral requests in this case were made after regular office or business hours, the plaintiff's denial of such requests did not violate the promptness requirement of § 1-212 (a). These appeals followed.

On appeal, the commission claims that the court erred in overturning its decisions. Specifically, the commission argues that the court's determination that the Freedom of Information Act requires agencies promptly to respond to requests for copies only during regular office or business hours was erroneous because that issue was not addressed by the commission and, in any event, the determination was an incorrect construction of §§ 1-210 (a) and 1-212 (a). We affirm the judgments

of the trial court on the alternate ground urged by the plaintiff, which is that the requests were not reduced to writing as required by § 1-212 (a).[7]

We begin by setting forth our well established standard of review of agency decisions. "Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Internal quotation marks omitted.) *Sweetman* v. *State Elections Enforcement Commission*, 249 Conn. 296, 305–306, 732 A.2d 144 (1999). Because our determination requires that we interpret a provision of a statute that previously has not been subject to judicial scrutiny by our appellate courts, our plenary review does not require special deference to the agency's legal determinations. See id.

Principles of statutory interpretation govern our construction of § 1-212 (a). "A fundamental tenet of statutory construction is that statutes are to be considered

---

[7] Because we affirm the court's decisions on an alternate ground, we do not address the commission's argument that the court erred because it addressed an issue that was not before the commission, namely, whether the Freedom of Information Act requires agencies promptly to respond to requests for copies only during regular office or business hours, nor do we address the commission's argument that the court's determination of that issue was an incorrect construction of §§ 1-210 (a) and 1-212 (a).

to give effect to the apparent intention of the lawmaking body. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *State* v. *Boysaw*, 99 Conn. App. 358, 362–63, 913 A.2d 1112 (2007).

We begin our analysis by examining § 1-210 (a), which provides in relevant part: "[E]very person shall have the right to (1) *inspect* such [public] records promptly during regular office or business hours, (2) *copy* such records in accordance with subsection (g) of section 1-212, or (3) *receive a copy* of such records in accordance with section 1-212. . . ." (Emphasis added.) Thus, pursuant to § 1-210 (a), an individual may seek review of public records by three separate avenues. In the present case, the commission found that Fay, Boster and Hennen sought to review the documents at issue by requesting to *receive a copy* of them, as opposed to requesting to inspect the documents or requesting to copy the documents themselves. Accordingly, we turn our attention to § 1-212, which governs the right to receive copies of public records.

Section 1-212 (a) provides in relevant part: "Any person *applying in writing* shall receive, promptly upon request, a plain or certified copy of any public record. . . ." (Emphasis added.) The language of § 1-212 (a) clearly and unambiguously requires that an individual seeking to receive a copy of a public record, such as in the present case, must reduce the request to writing in order for the request to be enforceable by the commission. See *State* v. *DeFrancesco*, 235 Conn. 426, 437, 668 A.2d 348 (1995) ("no part of a legislative enactment

is to be treated as insignificant or unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase . . . and no word in a statute is to be treated as superfluous" [internal quotation marks omitted]). In its memorandums of decision, however, the court noted that the commission found that no written requests were made.[8] Thus, the record clearly establishes that Fay, Boster and Hennen, by making only oral requests for the documents at issue, failed to satisfy the express requirement of § 1-212 (a) that requests for documents be reduced to writing. Accordingly, because the requests to receive copies of the documents at issue did not comport with § 1-212 (a), we conclude that the court correctly determined that the plaintiff did not violate the promptness requirement of § 1-212 (a).

Next, we discuss the issue of waiver addressed by the court. In its memorandums of decision, the court stated that there potentially was an issue as to whether the writing requirement was waived as a result of the plaintiff's failure to reduce to writing its denial of the oral requests by Fay, Boster and Hennen. We conclude

---

[8] In its final decisions, the commission stated that it "has previously concluded that, where an agency did not require a written request at the time of the request for copies, and has declined to provide the copy on other grounds, the agency may not subsequently, at a hearing on a complaint, raise the absence of a written request as a defense to its failure to promptly provide a copy." We disagree with the commission's contention as applied to the facts of this case.

As stated previously, § 1-212 (a) clearly requires that a request to receive copies of public records must be in writing. There is nothing in the language of § 1-212, however, to suggest that if an agency does not affirmatively inform an individual that his oral request to receive public records must be in writing, the agency is then precluded from arguing that the requesting individual failed properly to comply with the writing requirement of § 1-212 (a). Moreover, the language of § 1-212 (a) provides notice that a request to receive copies of public records must be in writing if it is to be enforced by the commission. Accordingly, under the specific facts of this case, the plaintiff was not precluded from arguing that Fay, Boster and Hennen failed to satisfy the writing requirement of § 1-212 (a).

that the plaintiff's failure to object in writing to the oral requests did not amount to a waiver of the obligation to comply with the writing requirement of § 1-212 (a).

General Statutes § 1-206 (a) provides in relevant part: "Any denial of the right to inspect or copy records *provided for under section 1-210* shall be made to the person requesting such right by the public agency official who has custody or control of the public record, in writing . . . ." (Emphasis added.) This language makes clear that the obligation of an agency to deny in writing an individual's request to inspect or copy records is triggered only when the individual properly has complied with one of the three permissible means of requesting public records provided for in § 1-210 (a). In the present case, Fay, Boster and Hennen sought to review the documents at issue by requesting to receive copies pursuant to § 1-212 (a). As stated previously, their requests were ineffective because they were not reduced to writing. Accordingly, because Fay, Boster and Hennen did not invoke properly their right to inspect or copy records pursuant to § 1-210, the plaintiff's obligation to reduce to writing its denial of the requests was never triggered.[9]

The judgments are affirmed.

In this opinion the other judges concurred.

---

[9] In light of this decision, we leave for another day the question of whether an agency has an obligation to provide copies of public records when a request is made outside of regular office or business hours.