## W. J. RICE *vs.* JAMES W. FOLEY.

First Judicial District, Hartford, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A conclusion by the trial court that a collision between automobiles was caused by the negligence of the defendant in failing to show a red tail-light, and that the plaintiff was at the time in the exercise of due care, if warranted by the subordinate facts found, is final and conclusive.

The refusal to grant a motion for a nonsuit is not a ground of appeal.

In the absence of any motion to correct the finding, there is nothing to be gained by printing the evidence. This court cannot use it in reviewing the subordinate facts, or the conclusions of the trial court.

Argued January 9th—decided January 10th, 1923.

ACTION to recover damages for injuries to the plaintiff's automobile, alleged to have been caused by the negligence of the defendant, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $295, and appeal by the defendant. *No error.*

*William S. Hyde,* for the appellant (defendant).

*Richard H. Deming,* for the appellee (plaintiff).

PER CURIAM. The trial court found that the plaintiff was driving his automobile northerly on New Britain Avenue on October 14th, at about 5:50 p. m., which was about forty-five minutes after the sun had set. As he approached the point of collision with defendant's truck, he was blinded by the headlights from cars approaching from the opposite direction, and reduced his speed about one half. He had his eyes on the road ahead. The defendant's truck was parked upon the

right-hand side of the Avenue and facing northerly. No lights were lighted on the truck. The traveled way was wide enough at this point for an automobile traveling in the same direction to pass upon the highway to the left of the truck. The nearest light upon the Avenue was a small incandescent light about one hundred and fifty feet distant, set upon a pole among the foliage of trees. On the easterly side of the Avenue at this point and within a few feet of the traveled way, there were large trees. The color of the truck and its load blended with the coloring of the surface of the road and landscape.

The plaintiff did not see the truck until within twelve feet of it. He then did all he could to stop his car, but was unable to stop it before colliding with the truck. He was keeping a reasonable lookout upon the road ahead, but by reason of the neutral color of the truck and the absence of a tail-light thereon he failed to see it in time to prevent a collision.

The court concluded that the collision was caused by the negligence of the defendant in failing to show a red light upon the rear of his truck, and that the plaintiff was at the time of the collision in the exercise of due care.

We cannot hold that these conclusions, based upon these subordinate facts, were erroneous in law, and therefore we cannot disturb them. *Bell* v. *Strong*, 96 Conn. 12, 112 Atl. 645.

The refusal of the court to grant defendant's motion for a nonsuit is not appealable. *Dubuque* v. *Coman*, 64 Conn. 475, 481, 30 Atl. 777; *Bennett* v. *Agricultural Ins. Co.*, 51 Conn. 504.

The evidence was mistakenly certified. We cannot make use of it either in reviewing the subordinate facts or the conclusions of the court, or in reviewing the ruling upon the nonsuit.

There is no error.