APPLE SALON *v.* COMMISSIONER OF PUBLIC HEALTH ET AL.
(AC 33023)

Lavine, Alvord and Bishop, Js.

---

Argued October 19—officially released November 29, 2011

*Mark F. Katz*, for the appellant (plaintiff).

*Jacqueline S. Hoell*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (named defendant).

*John W. Mullin*, assistant corporation counsel, for the appellee (defendant department of health and social services of the city of Stamford).

*Opinion*

PER CURIAM. The plaintiff, Apple Salon, appeals from the judgment of the trial court dismissing its appeal from the decision of the defendant commissioner of public health upholding a cease and desist order issued by the defendant department of health and social services of the city of Stamford. On appeal, the plaintiff claims that the court improperly dismissed its appeal by finding that the administrative hearing officer's factual findings were supported by substantial evidence. The defendants argue that, during oral argu-

ment before the trial court, the plaintiff waived any claim that the hearing officer's decision was not based on substantial evidence.[1] We agree with the defendants and therefore affirm the judgment of the trial court.

"Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . As a general rule, both statutory and constitutional rights and privileges may be waived. . . . Waiver is based upon a species of the principle of estoppel and where applicable it will be enforced as the estoppel would be enforced. . . . Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) *Wiele* v. *Board of Assessment Appeals*, 119 Conn. App. 544, 549, 988 A.2d 889 (2010). On the basis of our review of the record, including the transcript of the hearing before the court, we conclude that the plaintiff waived any claim that the hearing officer's decision was not based on substantial evidence.[2]

The judgment is affirmed.

---

[1] In its memorandum of decision, the court stated: "While [the plaintiff] argues in its brief that there was no substantial evidence of violations, at oral argument in this court on November 3, 2010, it stated that it did not intend to rely on those portions of its brief." On appeal, the plaintiff does not claim that that factual finding is clearly erroneous.

[2] The following colloquy took place during oral argument in the trial court:

"The Court: All right. So, there's two, really two issues here; and that is, the authority of this Ms. [Ok Soon] Moon to make the statement. And the second is whether or not the state people, the state board had the—they only said we're only going to look into x, y and z and we're not going to look into a, b and c because it's not health related? Is that . . . .

"[The Plaintiff's Counsel]: Correct.

"The Court: Are those your two issues?

"[The Plaintiff's Counsel]: Yes."