ALFONSO SGRITTA ET AL. *v.* COMMISSIONER
OF PUBLIC HEALTH
(AC 32963)

Lavine, Alvord and Bishop, Js.

Argued October 19, 2011—officially released February 21, 2012

*Samuel J. Bernstein,* for the appellants (plaintiffs).

*Darren P. Cunningham,* assistant attorney general, with whom, on the brief, was *George Jepsen,* attorney general, for the appellee (defendant).

*Opinion*

LAVINE, J. This appeal arises out of the decision of the department of health and social services of the city of Stamford (Stamford health) to issue a cease and desist order to the plaintiffs, Alfonso Sgritta and Beverly Sgritta, the owners and lessors of premises where an allegedly illegal massage establishment operated in violation of various local ordinances. The plaintiffs appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant, the commissioner of public health, upholding the order issued by Stamford health.[1] On appeal, the plaintiffs claim that the trial court erroneously concluded that (1) the plaintiffs were not prejudiced by the determination of a hearing officer for the defendant that she did not have jurisdiction over portions of the order and (2) General Statutes (Rev. to 2005) § 19a-206 (b)[2] authorized Stamford health to issue the order to the plaintiffs, even though they did not control the premises where the violations occurred. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Beginning in 2002, the plaintiffs

[1] The tenant, Apple Salon, also was issued a cease and desist order by Stamford health and appealed from the trial court's judgment dismissing its appeal from the decision of the defendant upholding the order. See *Apple Salon* v. *Commissioner of Public Health,* 132 Conn. App. 332, 333, 33 A.3d 755 (2011). This court affirmed the judgment of the trial court on the ground that, during oral argument before the trial court, Apple Salon waived its claim that the defendant's decision was not supported by substantial evidence. Id., 333–34.

[2] General Statutes (Rev. to 2005) § 19a-206 (b) provides in relevant part: "When any such nuisance or source of filth is found on private property, such director of health shall order the *owner* or occupant of such property, *or both,* to remove or abate the same within such time as the director directs." (Emphasis added.)

For convenience, all references to § 19a-206 herein are to the 2005 revision.

leased the second floor of a building they owned located at 934 East Main Street to Apple Salon. On December 1, 2006, following an inspection of the subject premises, Stamford health issued an order to the plaintiffs. The order cited violations of nine local ordinances: practicing massage therapy without a license; operating a massage establishment without a permit; inadequate lighting; revealing clothing worn by massage therapists; insufficient laundry cleaning, locks on massage room doors; failure to post service prices; employees residing on the premises; and preparation and storage of food on the premises. The order stated: "You are hereby directed and ordered to cease and desist all operation at Apple Salon by Tuesday December 5, 2006 . . . . Apple Salon will not be allowed to reestablish activities without first being sanctioned by the Stamford Zoning, Building, Fire, Police and Health Departments."

On December 5, 2006, the plaintiffs filed a timely notice of appeal with the defendant pursuant to General Statutes § 19a-229. The plaintiffs claimed that the order should not have been directed to them because, as arm's length lessors, they were not involved in the operation of the massage establishment.

On December 29, 2009, the defendant, through a designated hearing officer, issued a final decision on the plaintiffs' appeal.[3] The hearing officer first construed General Statutes §§ 19a-2a, 19a-200, 19a-207 and 19a-229 and concluded that she had "jurisdiction over appeals of orders issued by local health directors that cite violations of public health statutes and regulations, as well as local ordinances *relating to public health* . . . ." (Emphasis in original.) The hearing officer stated that

---

[3] The defendant had issued an initial final decision on March 13, 2008, and the plaintiffs filed an appeal to the trial court in April, 2008. On June 12, 2009, however, the court granted the parties' joint motion to remand the case to the defendant for clarification of the defendant's jurisdiction to review Stamford health's order.

she did not have jurisdiction over three of the cited local ordinances, which, she concluded, did not relate to public health: requiring a permit to operate a massage establishment;[4] prohibiting massage therapists from wearing revealing clothing; and requiring that service prices be posted. Of the six remaining citations, the hearing officer upheld five because the plaintiffs failed to demonstrate that the violations did not occur. The hearing officer struck the order's citation for practicing massage therapy without a license because that ordinance is specifically directed at the individual massage therapists. Rejecting the plaintiffs' challenge to the entire order on the basis that they were not involved in the violations, the hearing officer concluded that the language of § 19a-206 authorized Stamford health to issue the order to the plaintiffs as " 'owners' " of the premises.

The plaintiffs then filed an administrative appeal to the trial court, challenging the hearing officer's determinations that she lacked jurisdiction to consider three of the citations in the order and that § 19a-206 authorized Stamford health to issue the order to the plaintiffs. The court concluded that the plaintiffs failed to demonstrate that they were prejudiced by the hearing officer's failure to assert jurisdiction over certain citations. The court also agreed with the hearing officer that Stamford health properly issued the order to the plaintiffs pursuant to the plain language of § 19a-206; see footnote 2 of this opinion; and, accordingly, dismissed the appeal. This appeal followed.

I

The plaintiffs first claim that the trial court erroneously concluded that they were not prejudiced by the

_____

[4] The hearing officer stated in her decision, however, that the plaintiffs "did not dispute and the evidence was insufficient to refute [Stamford health's] characterization of Apple Salon as an 'unlicensed massage therapy establishment.' "

hearing officer's determination that she lacked jurisdiction over all of the citations in the order. We disagree.

"Judicial review of [an administrative agency's] action is governed by the [Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.] . . . and the scope of that review is very restricted. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Papic* v. *Burke*, 113 Conn. App. 198, 204, 965 A.2d 633 (2009). "In order for a reviewing court to reverse or modify an agency's decision, General Statutes § 4-183 (g) (1) [now subsection (j)] requires the court to find that substantial rights of the appellant have been prejudiced." *Goldberg* v. *Ins. Dept.*, 207 Conn. 77, 82–83, 540 A.2d 365 (1988).

The plaintiffs argue that, contrary to the hearing officer's construction, § 19a-229 requires the defendant to review on appeal all orders issued by local health directors, regardless of their connection to public health. The plaintiffs also argue that the three citations over which the hearing officer did not assert jurisdiction are related to public health. The plaintiffs contend further that they were prejudiced because the hearing officer's refusal to take jurisdiction results in "an outstanding order," which "the plaintiffs must act to satisfy . . . or face criminal prosecution or civil penalties."

The defendant argues that the hearing officer properly concluded that her jurisdiction was limited to issues relating to public health. The defendant additionally argues that the plaintiffs were not prejudiced by the hearing officer's refusal to assert jurisdiction over three of the citations because (1) the plaintiffs failed to challenge the sufficiency of the evidence supporting those citations and (2) the cease and desist order would

have remained in effect even if the hearing officer had asserted jurisdiction over and struck the three citations because she upheld five other citations.

We conclude that the plaintiffs have not demonstrated that they were substantially prejudiced by the hearing officer's determination that she lacked jurisdiction over three of the citations. As noted by the defendant, the plaintiffs did not claim that there was insufficient evidence to support the citations. Rather, the plaintiffs only claimed in their appeal to the defendant that Stamford health could not issue the order to arm's length landlords, an argument which, as discussed in part II of this opinion, we reject. Moreover, we agree with the defendant that, because the cease and desist order cited nine violations of local ordinances, the ultimate directive to "cease and desist all operation at Apple Salon" would have remained in effect even if the hearing officer struck the three citations at issue. See *New Haven* v. *Public Utilities Commission*, 165 Conn. 687, 717, 345 A.2d 563 (1974) ("remaining [findings] furnish full support for the order of the [agency]"). We agree with the trial court that the plaintiffs have not demonstrated that they were substantially prejudiced, under § 4-183 (j), by the hearing officer's determination that she did not have jurisdiction over three of the citations. We therefore conclude that the trial court properly dismissed this portion of the plaintiffs' administrative appeal.

II

The plaintiffs next claim that, because they were not involved in the operation of the massage establishment, the trial court erroneously concluded that § 19a-206 (b) authorized Stamford health to issue the order to them. Specifically, the plaintiffs argue that § 19a-206 cannot be construed to permit local health directors to issue orders to landlords unless "the health hazard is directly

within the control" of the landlord. According to the plaintiffs, because they cannot directly remedy the violations—short of instituting a summary process eviction, which would be an unreasonable requirement—the order should not have been issued to them. The plaintiffs further assert that § 19a-206 (a) and (b) should be read together such that an order may only be directed at landlords "maintaining" the property in a manner so as to constitute a nuisance. We are not persuaded.

"Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [T]he traditional deference accorded to an agency's interpretation of a statutory term is unwarranted [however] when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *Dept. of Public Safety* v. *Freedom of Information Commission*, 298 Conn. 703, 716–17, 6 A.3d 763 (2010). Because § 19a-206 (b) has not been subject to judicial scrutiny by our appellate courts or consistently applied by the department of public health over a long period of time, we do not give special deference to the defendant's interpretation of the statute. See *id.*, 717–18.

The following principles of statutory interpretation govern our construction of § 19a-206 (b). "[S]tatutes are to be considered to give effect to the apparent intention of the lawmaking body. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation

marks omitted.) *Planning & Zoning Commission* v. *Freedom of Information Commission*, 130 Conn. App. 448, 455–56, 23 A.3d 786 (2011); see General Statutes § 1-2z.

We begin our analysis with the language of the statute. Section 19a-206 provides in relevant part: "(a) . . . Any owner or occupant of any property who maintains such property, whether real or personal, or any part thereof, in a manner which violates the provisions of the Public Health Code enacted pursuant to the authority of sections 19a-36 and 19a-37 shall be deemed to be maintaining a nuisance or source of filth injurious to the public health. . . .

"(b) When any such nuisance or source of filth is found on private property, such director of health shall order the *owner* or occupant of such property, *or both*, to remove or abate the same within such time as the director directs. . . ." (Emphasis added.)

We conclude that § 19a-206 (b) clearly and unambiguously authorizes local health directors to issue orders to landlords for public nuisance violations regardless of the landlords' involvement in the violations. Although subsection (a) of § 19a-206 describes when an owner is "deemed to be maintaining a nuisance or source of filth," subsection (b) does not limit local health directors to ordering only those who maintain the nuisance or source of filth to "remove or abate" it. The phrase "such nuisance or source of filth" in subsection (b) refers to the definition in subsection (a) of the conditions that constitute a nuisance or source of filth, i.e., violations of the public health code. If the legislature had intended to limit the power of local health directors consistent with the plaintiffs' argument, then it could have provided that the "director of health shall order the owner or occupant *maintaining the nuisance or source of filth* on such property to remove or abate the

same . . . ." See, e.g., *Achillion Pharmaceuticals, Inc.* v. *Law*, 291 Conn. 525, 536, 970 A.2d 57 (2009) (construing General Statutes § 12-217ee).

We agree with the defendant's unsurprising contention that "a much more logical reading of the statute" is that the legislature armed local health directors with broad authority to issue orders to parties who might be able to remedy violations of public health regulations, including landlords who otherwise might ignore such violations. Section 19a-206 therefore bears some similarity to General Statutes §§ 22a-432 and 22a-433,[5] which authorize the commissioner of environmental protection to issue orders "to correct potential sources of pollution . . . ." As explained by our Supreme Court, "[t]he statutes operate in conjunction to enable the commissioner to impose liability not only on those who had 'established . . . or created' the pollution or were 'maintaining' a condition, but also on the owner of the land. Section 22a-433, therefore, provides a legal avenue, not available at common law, enabling the [commissioner] to impose liability on a landowner even if the owner did not 'establish or create' the condition or was not 'maintaining' the condition. Together, §§ 22a-432 and 22a-433 enable the commissioner, in order to achieve the act's remedial purposes, to impose liability

---

[5] General Statutes § 22a-432 provides in relevant part: "If the commissioner finds that any person has established a facility or created a condition before or after June 25, 1985, or is maintaining any facility or condition which reasonably can be expected to create a source of pollution to the waters of the state, he may issue an order to such person to take the necessary steps to correct such potential source of pollution. . . ."

General Statutes § 22a-433 provides in relevant part: "Whenever the commissioner issues . . . an order to correct potential sources of pollution pursuant to the provisions of 22a-432 . . . and the commissioner finds that such person is not the owner of the land from which such source of pollution or potential source of pollution emanates, he may issue a like order to the *owner of such land* . . . . When the commissioner issues such an order to an owner, the *owner and the person causing such pollution* shall be jointly and severally responsible. . . ." (Emphasis added.)

on all those who, in some way, have responsibility toward the land." *Starr* v. *Commissioner of Environmental Protection*, 226 Conn. 358, 388, 627 A.2d 1296 (1993).[6]

We conclude that § 19a-206 (b) contemplates that local health directors may pursue landlords who, although not actively involved in the violations, have some responsibility for the premises and benefit financially from the tenancy. We therefore decline to read into § 19a-206 (b) the limitation proffered by the plaintiffs. Accordingly, we conclude that Stamford health was authorized to issue the order to the plaintiffs, and, therefore, the trial court properly dismissed that portion of the plaintiffs' administrative appeal.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] We note that while *Starr* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 358, was pending before our Supreme Court, "the legislature enacted No. 93-375 of the 1993 Public Acts (P.A. 93-375), entitled 'An Act Establishing an Innocent Landowner Defense in Pollution Cases,' codified at General Statutes §§ 22a-452d and 22a-452e." *Starr* v. *Commissioner of Environmental Protection*, 236 Conn. 722, 728–29, 675 A.2d 430 (1996); see id., 744 (reversing trial court after commissioner granted plaintiff's motion for reconsideration following *Starr* v. *Commissioner of Environmental Protection*, supra, 358, because plaintiff was "an innocent landowner," pursuant to § 22a-452d [1] [B] [iii]). Notably, § 22a-452d (1) (A) (iii) excludes from the " '[i]nnocent landowner' " definition persons who hold an interest in real estate that "is subject to a spill or discharge" caused by "an employee, agent or *lessee* of the landowner . . . ." (Emphasis added.) Moreover, there is no such "innocent landowner" statute applicable to the plaintiffs in this appeal.

[7] The plaintiffs argue that, because the order does not expressly state that they must commence a summary process eviction action, they are not required to do so. That issue, however, is not before us. Neither the hearing officer nor the trial court addressed the requirements of the order, and, accordingly, we decline to do so as well because it is not necessary to our resolution of this appeal.