******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MANUEL MOUTINHO, TRUSTEE *v.* 500 NORTH
AVENUE, LLC, ET AL.

MANUEL MOUTINHO, TRUSTEE *v.* 1794
BARNUM AVENUE, INC., ET AL.

MANUEL MOUTINHO, TRUSTEE *v.* RED BUFF
RITA, INC., ET AL.
(AC 36115)

Sheldon, Keller and Moll, Js.*

*Syllabus*

The plaintiff M, as trustee, sought in four actions to foreclose mortgages
on certain real properties owned by the defendants N Co., B. Co., and
R. Co, and other lienholders and encumbrancers. The foreclosure actions
were jointly tried to the trial court, which denied N Co.'s oral motion
to dismiss under the applicable rule of practice (§ 15-8) and rendered
judgments of strict foreclosure. Subsequently, N. Co., the defendant in
the first action, was substituted as the defendant in the other three
actions in place of B. Co. and R. Co., because it had become the owner
of the properties that were the subject of those actions. On appeal to
this court, N Co. claimed, inter alia, that the trial court improperly failed
to rule on its motion for a judgment of dismissal at the close of M's
case-in-chief. *Held:*

1. N Co.'s claims that the trial court improperly denied its motion to dismiss
   under Practice Book § 15-8 and concerning the timing of the court's
   ruling were not reviewable on appeal; in the context of the former
   motion for nonsuit for failure to make out a prima facie case, our
   Supreme Court has determined previously that the denial of such a
   motion is not reviewable on appeal, and although, on subsequent rare
   occasion, notably in cases where the question of reviewability was not
   raised, this court and our Supreme Court have reviewed the merits of
   appeals from the denial of motions under § 15-8 for a judgment of
   dismissal for failure to make out a prima facie case, as an intermediate
   appellate court, this court was bound by Supreme Court precedent and
   was unable to modify it.

2. Although the trial court acted in an untimely manner when it ruled on N
   Co.'s motion to dismiss after the close of evidence, as it should have
   been decided by the court before N Co. produced evidence, any error
   in the timing of the court's decision on the motion to dismiss was
   harmless; in rendering judgment in favor of M in each of the actions,
   the court concluded, at a time when it was permitted to weigh credibility
   and make findings of fact, that M sustained his burden of proof, which
   was supported by evidence presented during M's case-in-chief, and N
   Co. did not challenge the court's factual findings, nor did it cite to any
   finding of the court that could only have been made on the basis of
   evidence presented in N Co.'s case-in-chief.

3. N Co. could not prevail on its claim that the trial court improperly denied
   its motion to dismiss, which was based on its claim that the plaintiff's
   failure to include certain allegations in the operative complaints, namely,
   that the original mortgagors, as the owners of the equity of redemption,
   were the title owners of the respective properties at the time the mort-
   gages were executed, resulted in a material variance between the plead-
   ings and the evidence presented and caused the plaintiff to fall short
   of pleading and proving a prima facie case in each of the actions:
   this court declined to address N Co.'s arguments that M's operative
   complaints were legally insufficient, as N Co., instead of moving to
   strike the plaintiff's complaints in the various actions on the basis of
   the purported absence of a material allegation, waited until the close of
   the plaintiff's case to challenge the sufficiency of the plaintiff's operative
   pleadings by way of its motion under Practice Book § 15-8 to dismiss
   for failure to make out a prima facie case, which was a procedurally
   improper use of § 15-8, and because N Co. did not claim that it was
   unfairly surprised or prejudiced by a defect in the plaintiff's operative

complaints, it waived its claim on appeal challenging the legal sufficiency thereof; moreover, to the extent that N Co.'s claim challenged the sufficiency of M's evidence relating to the ownership of the respective properties at the time the mortgages were executed, this court found no error, as a review of the record revealed that at trial, the notes, mortgage deeds, and guarantees pertaining to the subject properties were offered into evidence by M, without objection, as part of his case-in-chief and were admitted as full exhibits, and the mortgage deeds themselves identified the named defendants as the grantors of the properties at issue.

4. N Co. could not prevail in its claim that the trial court improperly denied, without cause, its right to make closing arguments or to file posttrial briefs in lieu of closing arguments under the applicable rule of practice (§ 15-5 [a]): the record reflected that N Co.'s counsel did not request to make a closing argument at the close of evidence, there was no indication that the court expressed any refusal to permit closing arguments, and, in the absence of any statement from N Co.'s counsel to the court indicating that he wanted to make a closing argument, N Co. waived its claim concerning closing argument; moreover, N Co.'s claim that the court erred in refusing to permit the parties to submit posttrial briefs in violation of § 15-5 (a) was unavailing, as § 15-5 (a) is silent as to posttrial briefs and creates no independent obligation on the part of the court to permit their submission, the record reflects that N Co.'s counsel requested the court's permission to file posttrial briefs only with respect to one of the foreclosure actions, the appeal as to which was previously withdrawn, and, accordingly, N Co.'s contention was rendered moot as to that action and was deemed waived as to the four actions pending on appeal.

Argued November 15, 2018—officially released August 6, 2019

*Procedural History*

Actions to foreclose mortgages on certain real properties, and for other relief, brought to the Superior Court in the judicial district of Waterbury, Complex Litigation Docket, where the foreclosure claims were jointly tried to the court, *Shaban, J.*; thereafter, the court, *Shaban, J.*, denied the motion to dismiss filed by the defendant 500 North Avenue, LLC, and rendered judgments of strict foreclosure; subsequently, the defendant 500 North Avenue, LLC, was substituted as a defendant in the second, third, and fourth actions, and the defendant 500 North Avenue, LLC appealed to this court. *Affirmed.*

*Jonathan J. Klein*, with whom, on the brief, was *Stephen R. Bellis*, for the appellant (defendant 500 North Avenue, LLC).

*James M. Nugent*, with whom, on the brief, was *James R. Winkel*, for the appellee (plaintiff).

*Opinion*

MOLL, J. The only defendant participating in this appeal, 500 North Avenue, LLC,[1] appeals from the judgments of strict foreclosure, rendered after a court trial, in four jointly tried foreclosure actions commenced by the plaintiff, Manuel Moutinho, Trustee for the Mark IV Construction Company, Inc., 401 (K) Savings Plan.[2] On appeal, the defendant claims[3] that the trial court erred when it (1) failed to rule on the defendant's motion for a judgment of dismissal for failure to make out a prima facie case pursuant to Practice Book § 15-8 (motion to dismiss) at the close of the plaintiff's case-in-chief, (2) denied the defendant's motion to dismiss, and (3) denied, without cause, the defendant's right to make closing arguments or to file posttrial briefs in lieu of closing arguments pursuant to Practice Book § 15-5 (a).[4] With respect to the defendant's first and second claims, we conclude that (1) such claims are not reviewable pursuant to our Supreme Court precedent and (2) in the alternative, they fail on the merits. With respect to the defendant's third claim, we find no error. Accordingly, we affirm the judgments of the trial court.

The following procedural history and facts, as found by the trial court, are relevant to the defendant's claims. The original mortgagors, namely, the defendant, 3044 Main, LLC, 1794 Barnum Avenue, Inc., Red Buff Rita, Inc., 2060 East Main Street, Inc., Anthony Estates Developers, LLC, and D.A. Black, Inc. (original mortgagors), executed, respectively, promissory notes and mortgages securing those notes, pertaining to certain parcels of commercial real property located in Bridgeport, Milford, and Stratford. Gus Curcio, Sr., executed corresponding personal guarantees. The plaintiff is the owner and holder of the notes, mortgages, and guarantees. At various points in time, the original mortgagors stopped making payments on their respective notes. Consequently, during the period of 2009 to 2011, the plaintiff commenced eight foreclosure actions, asserting foreclosure claims against the original mortgagors and other lienholders and encumbrancers, as well as breach of guarantee claims against Curcio.

In April and May, 2013, the actions were tried together on the plaintiff's foreclosure claims only.[5] On May 1, 2013, after the plaintiff had rested his case, counsel for the defendant orally moved, among other things, for a judgment of dismissal on each of the plaintiff's foreclosure claims pursuant to Practice Book § 15-8. The court effectively reserved its decision until after the close of evidence. The defendant proceeded to offer evidence in its case, and the plaintiff's rebuttal case followed. After the close of evidence, the court issued an oral ruling from the bench, denying the motion to dismiss without stating its grounds therefor.

On July 3, 2013, the court issued eight separate memo-

randa of decision rendering a judgment of strict foreclosure in favor of the plaintiff in each action. On September 18, 2013, this joint appeal followed, and a lengthy period of motions practice ensued thereafter.[6] On May 17, 2018, the appeal was withdrawn as to four of the eight actions, namely, *3044 Main*, *2060 East Main Street*, *Anthony Estates*, and *D.A. Black*, leaving four actions pending on appeal, as follows: (1) *500 North Avenue, LLC*; (2) *1794 Barnum Avenue I*; (3) *1794 Barnum Avenue II*; and (4) *Red Buff Rita*. See footnote 2 of this opinion. We now address the defendant's claims with respect to those four actions. Additional facts and procedural history will be provided as necessary.

I

The defendant's first two claims on appeal relate to its Practice Book § 15-8 motion to dismiss, made orally at the close of the plaintiff's case-in-chief. The defendant first claims that the court erred when it failed to rule on its § 15-8 motion to dismiss at the close of the plaintiff's case-in-chief. The defendant next claims, as a substantive matter, that the court erred when it denied its § 15-8 motion to dismiss. These claims are unavailing because we conclude, on the basis of binding Supreme Court precedent, that the court's denial of the defendant's § 15-8 motion to dismiss, as well as the timing thereof, are not appealable.

Practice Book § 15-8, titled "Dismissal in Court Cases for Failure To Make Out a Prima Facie Case," provides: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority *may* grant such motion if the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made." (Emphasis added.) The statutory corollary to this rule of practice is General Statutes § 52-210, which provides: "If, on the trial of any issue of fact in a civil action, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment as in case of nonsuit, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case." "We note that [a] motion for judgment of dismissal has replaced the former motion for nonsuit . . . for failure to make out a prima facie case." (Internal quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 700 n.9, 900 A.2d 498 (2006).

By way of additional background, we note that neither party raised the question of whether a trial court's *denial* of a motion for a judgment of dismissal pursuant to Practice Book § 15-8 is properly reviewable. On March 22, 2019, this court sent the parties the following

notice: "The parties are hereby ordered to file, on or before April 1, 2019, simultaneous supplemental briefs, of no longer than 5 pages in length, limited to the following issue: Whether the trial court's *denial* of the defendant['s] motion for judgment of dismissal pursuant to Practice Book § 15-8 is properly reviewable in light of Supreme Court precedent. See, e.g., *Rice* v. *Foley*, 98 Conn. 372, 373, 119 A. 353 (1923) ('The refusal of the court to grant defendant's motion for a nonsuit is not appealable.'); *Bennett* v. *Agricultural Ins. Co.*, 51 Conn. 504, 512 (1884) ('The refusal of the court to grant the motion for nonsuit, being matter committed to the discretion of the court, is not reviewable on application of the defendant.')." (Emphasis in original.) Thereafter, the parties submitted supplemental briefs.

In the context of the former motion for nonsuit for failure to make out a prima facie case, our Supreme Court repeatedly has held, in a body of century-old cases, that the *denial* of such a motion is not reviewable on appeal. For example, in *Bennett* v. *Agricultural Ins. Co.*, supra, 51 Conn. 512, in an appeal following a jury trial, the court held that "[t]he refusal of the court to grant the motion for nonsuit, being [a] matter committed to the discretion of the court, is not reviewable on application of the defendant. The practice in Connecticut, unlike that of some other states, is regulated by statute. [General Statutes (1875 Rev.) tit. 19, c. XIII, §§ 3, 4.] This statute provides for a nonsuit, not when all the evidence on both sides has been received, but when the plaintiff on his part has submitted his evidence and rested. If the court shall be of [the] opinion that a *prima facie* case is not made out, the court may (not must) grant a nonsuit. If granted the plaintiff has his remedy; if refused the defendant has no remedy on that account, but must go on with the trial and submit the case to the jury, either on the plaintiff's evidence alone, if he chooses, or upon his own evidence as well . . . ." Similarly, in *Rice*, in an appeal following a trial to the court, the court held that "[t]he refusal of the court to grant defendant's motion for a nonsuit is not appealable." *Rice* v. *Foley*, supra, 98 Conn. 373. Our research has not revealed any authority that expressly undermines the reviewability holdings of *Bennett*, *Rice*, and the numerous cases of their ilk.

We acknowledge that on subsequent, rare occasion— notably, in cases where the question of reviewability was not raised—our Supreme Court, as well as this court, have reviewed the merits of appeals from the denial of Practice Book § 15-8 motions for a judgment of dismissal for failure to make out a prima facie case. See, e.g., *Statewide Grievance Committee* v. *Burton*, 299 Conn. 405, 417–18, 10 A.3d 507 (2011); *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 450–60, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002). Nevertheless, "[a]s an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify

it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v. *Montanez*, 185 Conn. App. 589, 605 n.5, 197 A.3d 959 (2018), cert. denied, 332 Conn. 907, 209 A.3d 643 (2019).

In the present case, on the basis of the foregoing, we conclude that the court's denial of the defendant's Practice Book § 15-8 motion to dismiss, and the timing thereof, are not reviewable on appeal.

II

Notwithstanding the foregoing conclusion, which is not a subject matter jurisdictional bar to the discussion that follows, we offer an alternative analysis, addressing the merits of the defendant's claims relating to its Practice Book § 15-8 motion to dismiss. We first address the defendant's claim that the court erred when it failed to rule on the defendant's § 15-8 motion to dismiss at the close of the plaintiff's case-in-chief. Specifically, the defendant argues, without any specificity, that, by deferring its decision until the close of evidence, the court necessarily had its judgment clouded as to the sufficiency of the plaintiff's evidence presented in its case-in-chief. This claim is unavailing.

We return to the language of Practice Book § 15-8: "If, on the trial of any issue of fact in a civil matter tried to the court, the plaintiff has produced evidence and rested, a defendant may move for judgment of dismissal, and the judicial authority *may* grant such motion if the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made." (Emphasis added.) The defendant contends, without any citation to authority or reference to particular language within § 15-8, that the court erred by deferring its ruling on the defendant's motion to dismiss. The plaintiff argues in contrast, also without reference to particular language within § 15-8, that the court did not err in reserving its decision until after the close of evidence because trial courts routinely reserve decision under Practice Book § 15-8.

We pause to observe that the parties have pressed for competing applications of Practice Book § 15-8 as though the issue were one of first impression. It is not. The issue of the timeliness of a court's ruling after the close of evidence on a motion for a judgment of dismissal previously was considered by our Supreme Court in *Cormier* v. *Fugere*, 185 Conn. 1, 440 A.2d 820 (1981). In that case, after unsuccessfully moving for a judgment of dismissal pursuant to Practice Book (1978–97) § 302[7]—the nearly identical predecessor to § 15-8—after the plaintiffs had rested their case, in part on the

ground that the plaintiffs had failed to make out a prima facie case, the defendants moved for a judgment of dismissal for a second time, on the essentially identical ground, after resting *their* case and without producing any additional evidence. Id., 2. Upon reconsideration, the trial court granted the second motion. Id. On appeal, our Supreme Court stated: "A motion for judgment of dismissal must be made by the defendant *and decided by the court* after the plaintiff has rested his case, but before the defendant produces evidence. Practice Book § 302 [1978–97]; General Statutes § 52-210; *Bennett* v. *Agricultural Ins. Co.*, [supra, 51 Conn. 512]; Stephenson, Conn. Civ. Proc. (2d Ed.) §§ 192e and 193b. In this case, both the defendants' filing of the second motion for judgment of dismissal *and the court's granting of it* were untimely." (Emphasis added.) *Cormier* v. *Fugere*, supra, 2. Because none of the parties in *Cormier* raised on appeal a claim related to the untimeliness of the second motion or of the trial court's ruling thereon, our Supreme Court did not address the issue further. Id., 2–3. Instead, our Supreme Court addressed on the merits the trial court's granting of the second motion, examined the record of the proceedings below, and found that the plaintiffs had failed to produce evidence sufficient to prove causation. Id., 3, 6–7. Thereupon, our Supreme Court affirmed the trial court's granting of the second motion for a judgment of dismissal. Id., 7.

For purposes of the present appeal, we focus our attention on our Supreme Court's pronouncement in *Cormier* that "[a] motion for judgment of dismissal must be made by the defendant *and decided by the court* after the plaintiff has rested his case, *but before the defendant produces evidence*." (Emphasis added.) *Cormier* v. *Fugere*, supra, 185 Conn. 2. This precise language was most recently cited approvingly by the Supreme Court in *Machado* v. *Taylor*, 326 Conn. 396, 402, 163 A.3d 558 (2017).[8] Despite the absence of any citation to *Cormier* in the parties' respective appellate briefs, and notwithstanding the parties' advocating that this court should engage in an original interpretation of Practice Book § 15-8, we are again constrained by the axiom that "[a]s an intermediate appellate court, we are bound by Supreme Court precedent and are unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *State* v. *Montanez*, supra, 185 Conn. App. 605 n.5.

Accordingly, applying the principle set forth in *Cormier* v. *Fugere*, supra, 185 Conn. 2, namely, that "[a] motion for judgment of dismissal must be . . . decided by the court . . . before the defendant produces evidence," we conclude, as an initial matter, that the court acted in an untimely manner when it ruled on the defendant's motion to dismiss after the close of evidence.

We nonetheless conclude, however, that any error in the timing of the rendering of the court's decision on the motion to dismiss was harmless.

"The standard for determining whether the plaintiff has made out a prima facie case, under Practice Book § 15-8, is whether the plaintiff put forth sufficient evidence that, if believed, would establish a prima facie case, not whether the trier of fact believes it. . . . For the court to grant the motion [for judgment of dismissal pursuant to § 15-8], it must be of the opinion that the plaintiff has failed to make out a prima facie case. In testing the sufficiency of the evidence, the court compares the evidence with the allegations of the complaint. . . . In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Emphasis omitted; internal quotation marks omitted.) *In re Natalie J.*, 148 Conn. App. 193, 204, 83 A.3d 1278, cert. denied, 311 Conn. 930, 86 A.3d 1056 (2014); see also *Charter Oak Lending Group, LLC* v. *August*, 127 Conn. App. 428, 437, 14 A.3d 449 ("relatively low standard" necessary to withstand defendant's § 15-8 motion to dismiss), cert. denied, 302 Conn. 901, 23 A.3d 1241 (2011). "Once a case is ultimately presented to the factfinder for final decision, [however,] an entirely different analysis is applied. Rather than being required to take as true the evidence offered by the plaintiff, the trier of fact can disbelieve any evidence, even if uncontradicted. . . . In addition, the trier of fact is no longer bound to interpret the evidence in the light most favorable to the plaintiff, or to draw every reasonable inference therefrom, for it is axiomatic that it is within the province of the trier of facts to assess the credibility of witnesses." (Citations omitted.) *Berchtold* v. *Maggi*, 191 Conn. 266, 272, 464 A.2d 1 (1983); see also *Sonepar Distribution New England, Inc.* v. *T & T Electrical Contractor's, Inc.*, 133 Conn. App. 752, 755, 37 A.3d 789 (2012) ("We agree that the preponderance of the evidence standard is inapplicable to a motion to dismiss for failure to make out a prima facie case, but conclude that the court's error in applying the preponderance standard was harmless, as ultimately the court was the trier of fact.").

Here, in ultimately rendering judgment in favor of the plaintiff in each of the actions, the court concluded, at a time when it was permitted to weigh credibility and make findings of fact, that the plaintiff in fact sustained his burden of proof, which is supported by evidence presented during the plaintiff's case-in-chief. Notably, the defendant does not challenge any of the court's factual findings, nor does it cite to any finding of the trial court that could only have been made on

the basis of evidence presented in the defendant's case-in-chief. In light of the foregoing, we are unpersuaded by the defendant's timeliness claim.

### III

The defendant also claims, as a substantive matter, that the court erred when it denied its motion to dismiss made pursuant to Practice Book § 15-8. Distilled to its essence, the defendant's claim is one of pleading deficiency, specifically, that, as part of the plaintiff's prima facie case for foreclosure, the plaintiff was required to have *pleaded* that the original mortgagors, as the owners of the equity of redemption, were the title owners of the respective properties at the time the mortgages were executed. The defendant argues that the plaintiff's failure to include such allegations in the operative complaints resulted in a material variance between the pleadings and the evidence presented and caused the plaintiff to fall short of *pleading* and, therefore, proving a prima facie case in each of the actions.[9] This claim also fails.

As a threshold matter, we decline to address the defendant's arguments concerning the legal sufficiency of the plaintiff's operative complaints at this late stage of the proceedings. "[A] judgment ordinarily cures pleading defects . . . . The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike . . . is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. [I]f parties will insist on going to trial on issues framed in a slovenly manner, they must abide the verdict; judgment will not be arrested for faults in statement when facts sufficient to support the judgment have been substantially put in issue and found. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect." (Internal quotation marks omitted.) *Service Road Corp.* v. *Quinn*, 241 Conn. 630, 636, 698 A.2d 258 (1997).

Our Supreme Court's analysis in *Service Road Corp.* v. *Quinn*, supra, 241 Conn. 630, is particularly instructive. In that case, "[i]nstead of submitting a motion to strike the plaintiffs' amended complaint, the defendants waited until the close of the plaintiffs' evidence and then moved, pursuant to Practice Book [1978–97] § 302 [the predecessor to Practice Book § 15-8], for a judgment of dismissal for failure of the plaintiffs to make out a prima facie case. Thus, the defendants challenged the sufficiency of the plaintiffs' evidence rather than the sufficiency of their pleading. Because the defendants did not raise their argument concerning the sufficiency of the plaintiffs' pleading in the trial court and have failed to demonstrate that they in any way were prejudiced by the plaintiffs' amended complaint, we conclude that the defendants have waived this claim."

(Footnotes omitted.) Id., 636–37.

The same analysis applies here. Instead of moving to strike the plaintiff's complaints in the various actions on the basis of the purported absence of a material allegation, the defendant waited until the close of the plaintiff's case to challenge the sufficiency of the plaintiff's operative pleadings by way of its Practice Book § 15-8 motion to dismiss for failure to make out a prima facie case. Such use of § 15-8 is procedurally improper. Because the defendant has not claimed, either in its briefs or at oral argument to this court, that it was unfairly surprised or prejudiced by a defect in the plaintiff's operative complaints, we conclude that the defendant has waived its claim on appeal challenging the legal sufficiency thereof. *Service Road Corp.* v. *Quinn*, supra, 241 Conn. 637.

Moreover, to the extent that the defendant's claim challenges the sufficiency of the plaintiff's *evidence* relating to the ownership of the respective properties at the time the mortgages were executed, we find no error. Our review of the record reveals that at trial, the notes, mortgage deeds, and guaranties pertaining to the subject properties were offered into evidence by the plaintiff, without objection, as part of his case-in-chief and were admitted as full exhibits. The mortgage deeds themselves identify the named defendants as the grantors of the properties at issue, and each deed provides, in relevant part, that the grantor "is well seized of the premises . . . ."

On the basis of the foregoing, we conclude that the court properly denied the defendant's motion to dismiss.

### IV

The defendant makes the final claim that the court erred when it denied, without cause, its right (1) to make closing arguments or (2) to file posttrial briefs in lieu of closing arguments pursuant to Practice Book § 15-5 (a). We disagree and address these contentions in turn.

The following standard of review and legal principles are applicable to the defendant's claim. "The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary. . . . In seeking to determine [the] meaning [of a statute or rule of practice, we] . . . first . . . consider the text of the statute [or rule] itself and its relationship to other statutes [or rules]. . . . If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence . . . shall not be considered. . . . When

[the provision] is not plain and unambiguous, we also look for interpretive guidance to the . . . history and circumstances surrounding its enactment, to the . . . policy it was designed to implement, and to its relationship to existing [provisions] and common law principles governing the same general subject matter . . . . We recognize that terms [used] are to be assigned their ordinary meaning, unless context dictates otherwise. . . . Put differently, we follow the clear meaning of unambiguous rules, because [a]lthough we are directed to interpret liberally the rules of practice, that liberal construction applies only to situations in which a strict adherence to them [will] work surprise or injustice." (Citations omitted; internal quotation marks omitted.) *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594–95, 181 A.3d 550 (2018).

We begin our analysis of the defendant's claim by turning to the text of Practice Book § 15-5 (a). Section 15-5 (a) provides: "Unless the judicial authority for cause permits otherwise, the parties shall proceed with the trial and argument in the following order: (1) The plaintiff shall present a case-in-chief. (2) The defendant may present a case-in-chief. (3) The plaintiff and the defendant may present rebuttal evidence in successive rebuttals, as required. The judicial authority for cause may permit a party to present evidence not of a rebuttal nature, and if the plaintiff is permitted to present further evidence in chief, the defendant may respond with further evidence in chief. (4) *The plaintiff shall be entitled to make the opening and final closing arguments.* (5) *The defendant may make a single closing argument following the opening argument of the plaintiff.*" (Emphasis added.) In accordance with § 15-5 (a), "in civil and family cases, a trial court may, for cause, elect to accept legal briefs in lieu of oral closing arguments." *de Repentigny* v. *de Repentigny*, 121 Conn. App. 451, 456, 995 A.2d 117 (2010). "[W]hen considering whether there was cause for a court to [deviate from the procedures] prescribed in Practice Book § 15-5 (a), we review the decision of the court under the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Pan Handle Realty, LLC* v. *Olins*, 140 Conn. App. 556, 563–64, 59 A.3d 842 (2013).

The defendant first contends that the court erred in refusing to permit closing arguments. We reject this contention because the record reflects that the defendant's counsel did not request to make a closing argument at the close of evidence, and there is no indication that the court otherwise expressed any refusal to permit closing arguments. While Practice Book § 15-5 (a) confers the right to make a closing argument (subject to

the court's power to depart from that procedure for cause); *Pan Handle Realty, LLC* v. *Olins*, supra, 140 Conn. App. 563–64; a party has the option to forgo making a closing argument in a civil matter. See Practice Book § 15-5 (a) (4) ("[t]he plaintiff shall be entitled to make the opening and final closing arguments") and (5) ("[t]he defendant *may* make a single closing argument following the opening argument of the plaintiff" [emphasis added]). Thus, in the absence of any statement from the defendant's counsel to the trial court indicating that he wanted to make a closing argument, we deem the defendant's first contention to be waived.[10] See *Apple Salon* v. *Commissioner of Public Health*, 132 Conn. App. 332, 334, 33 A.3d 755 (2011) ("Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so." [Internal quotation marks omitted.]).

The defendant next contends that the court erred in refusing to permit the parties to submit posttrial briefs in violation of Practice Book § 15-5 (a). This contention fails for two reasons. First, § 15-5 (a) is silent as to posttrial briefs and creates no independent obligation on the part of the trial court to permit their submission. Second, the record reflects that the defendant's counsel requested the court's permission to file posttrial briefs only with respect to the *Anthony Estates* case,[11] the appeal as to which has been withdrawn. See footnote 2 of this opinion. Therefore, the defendant's second contention has been rendered moot as to *Anthony Estates* and is deemed waived as to the four actions pending on appeal. See *Apple Salon* v. *Commissioner of Public Health*, supra, 132 Conn. App. 334.

The judgments are affirmed, and the cases are remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Although the joint appeal form identifies defendants Cell Phone Club, Inc., City Streets, Inc., Millionair Club, Inc., and Outlaw Boxing Kats, Inc., as appellants (in addition to 500 North Avenue, LLC), such parties are not mentioned in the "appellants' brief," nor is there any claim as to how they have been aggrieved by the judgments of the trial court. The only reference to such parties in each of the court's memoranda of decision is that such parties "are named in the first count as parties who may claim an interest in the property." In addition, in stating his appearance during oral argument before this court, counsel for "the appellants" identified 500 North Avenue, LLC, as the sole appellant. We deem, therefore, 500 North Avenue, LLC, to be the only participating defendant in this appeal. In light of the foregoing, and because these foreclosure actions involved numerous other defendants that are not participating in this appeal, we refer to 500 North Avenue, LLC, as "the defendant."

[2] The trial court heard the following eight foreclosure actions: (1) *Manuel Moutinho, Trustee* v. *3044 Main, LLC*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6013994-S (*3044 Main*); (2) *Manuel Moutinho, Trustee* v. *500 North Avenue, LLC*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6013996-S (*500 North Avenue*); (3) *Manuel Moutinho, Trustee* v. *1794 Barnum Avenue, Inc.*, Superior Court, judicial district

of Waterbury, Docket No. CV-10-6013997-S (*1794 Barnum Avenue I*); (4) *Manuel Moutinho, Trustee* v. *1794 Barnum Avenue, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6013998-S (*1794 Barnum Avenue II*); (5) *Manuel Moutinho, Trustee* v. *Red Buff Rita, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-11-6013990-S (*Red Buff Rita*); (6) *Manuel Moutinho, Trustee* v. *2060 East Main Street, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-11-6014002-S (*2060 East Main Street*); (7) *Manuel Moutinho, Trustee* v. *Anthony Estates Developers, LLC*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6014003-S (*Anthony Estates*); and (8) *Manuel Moutinho, Trustee* v. *D.A. Black, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-10-6014733-S (*D.A. Black*).

On May 17, 2018, the appeal was withdrawn as to *3044 Main, 2060 East Main Street, Anthony Estates*, and *D.A. Black*. With regard to the four actions that remain pending on appeal, the defendant was the original named defendant in *500 North Avenue* and was substituted as a party defendant for the named defendants in *1794 Barnum Avenue I*, *1794 Barnum Avenue II*, and *Red Buff Rita*.

[3] For ease of discussion, we address the defendant's claims in a different order than they appear in its appellate brief.

[4] In its principal appellate brief, the defendant makes three additional claims of error in connection with *2060 East Main Street, Anthony Estates, D.A. Black*, and *Red Buff Rita*. We decline to address the defendant's claims with respect to *2060 East Main Street, Anthony Estates*, and *D.A. Black* because the appeal as to those actions was withdrawn, and the defendant concedes, in its reply brief to this court, that such claims are moot. With respect to *Red Buff Rita*, the defendant claims that the court erred by refusing to consider its memorandum of law in opposition to the plaintiff's motion for summary judgment on the ground that the memorandum was untimely filed in violation of Practice Book § 17-45. The defendant has effectively abandoned this claim, however, as it concedes, in its reply brief to this court, that any claimed error was harmless. Therefore, we decline to review it.

[5] Prior to the commencement of trial, the court granted motions for summary judgment as to liability only filed by the plaintiff in *1794 Barnum Avenue I, Red Buff Rita*, and *2060 East Main Street*. The court did not restrict the plaintiff's presentation of evidence with respect to those actions, however, during the trial.

[6] Although the July 3, 2013 judgments of strict foreclosure disposed of only a part of the plaintiff's actions, as the plaintiff's claims of breach of guarantee against Curcio were tried at a later date, the judgments are final, appealable judgments, as they disposed of all claims brought against the defendant. See Practice Book § 61-3 ("[a] judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties").

[7] Practice Book (1978–97) § 302 provided: "If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made." The minor differences between the revisions, which resulted from amendments effective January 1, 2009, have no bearing on our decision.

[8] In *Machado* v. *Taylor*, supra, 326 Conn. 401–402, the court held, inter alia, that the defendant waived a claim that the plaintiff failed to make out a prima facie case by filing an untimely motion under Practice Book § 15-8 following the close of evidence.

[9] In opposition, the plaintiff argues, inter alia, that the defendant did not raise this ground in support of its motion to dismiss before the trial court, and, thus, the issue has been waived. Contrary to the plaintiff's assertion, however, the record demonstrates that, during trial, the defendant raised the issue of whether the plaintiff pleaded and proved that the original mortgagors were the owners of the mortgaged properties at the time that the mortgages were executed. Specifically, during argument on the defendant's motion to dismiss, the defendant's counsel argued that "the plaintiff failed to make a prima facie case because the plaintiff did not plead and did not prove that the mortgagor was the owner of the property at the time the loan was made. Only an owner of property can give a mortgage in Connecticut

and the owner transfers title under the title theory in Connecticut. The forms provided in the Practice Book for foreclosure of a mortgage include the allegation that the party who made the loan was the owner of the property. The forms provided in [Caron] on [F]oreclosures, which have been cited many times [by] the [c]ourts, [provide] that the plaintiff [must] allege that the mortgagor was the owner of the property. That was not alleged and not proven. And, therefore, Your Honor, since they did not prove that the owner of the property gave them a mortgage on the property all of the cases should be dismissed." In light of the foregoing, we disagree with the plaintiff that the defendant failed to raise this claim before the trial court as part of its motion to dismiss.

[10] Notwithstanding our conclusion herein, we emphasize that, rather than permitting the record to remain silent on the issue of closing arguments, the better practice is for the trial court to make a clear record as to whether counsel or any self-represented party wants to make a closing argument.

[11] The following exchange occurred between counsel and the court:

"The Court: I'll be issuing a memorandum of decision on each of these files and I am not going to require any briefs from any of the parties. I don't believe they're necessary in this case. . . .

"And at this point then, hopefully I've addressed I think those things that I need to address relative to issuing a decision in the case. Is there anything that I've overlooked from any angle as a procedural matter? . . .

"[The Defendant's Counsel]: Your Honor, with regards to Anthony Estates, Your Honor, I respectfully request the right to do briefs, Your Honor. There's the bankruptcy issues [that] were raised, evidence is in the court and I think bankruptcy law is essential to be looked at for the court to measure the testimony of the witnesses and the exhibits that are before the court. I don't think it's possible to do without them.

"The Court: All right. Anybody else want to be heard on that request?

"[The Plaintiff's Counsel]: Yes, Your Honor. I would object to that request. I think the facts are very strong one way and need no interpretation on any complex issue. It's a matter of contract.

"The Court: All right. I agree. I don't know that—And I understand, with all due respect, your request for briefs, Mr. Bryk [the defendant's counsel]. I don't think that they're necessary in this case, so I will not require any briefs from the parties."

The record further demonstrates that, just prior to adjournment, the court posed one final inquiry to all counsel, asking whether there were any other matters for the court to address, and the defendant's counsel responded in the negative.

————————————————————